1  GREGG A. THORNTON (SBN 146282)
   KELLI GEORGE (SBN 225689)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA  94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorneys for Defendant
   CITY OF BURLINGAME, BURLINGAME
6  POLICE DEPARTMENT, its POLICE
   CHIEF JACK VAN ETTEN, OFFICER
7  KEVIN KASHIWAHARA in his
   individual capacity, OFFICER
8  STEVE VEGA in his individual and
   official capacity, ROBERT CISSNA
9  in his individual and official
   capacity

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  JANE DOE,                        CASE NO.  C08-02541 SI

14           Plaintiff,              (Related to C07-05596 SI)

15       v.                          **NOTICE OF MOTION AND MOTION TO
                                     DISMISS PLAINTIFF'S COMPLAINT FOR
16  COUNTY OF SAN MATEO; SAN MATEO   FAILURE TO STATE A CLAIM FROM
    COUNTY SHERIFF'S OFFICE; its     WHICH RELIEF CAN BE GRANTED, LACK
17  SHERIFF GREG MUNKS, in his       OF SPECIFICITY IN PLEADINGS, AND
    individual and official          MOTION TO STRIKE PORTIONS OF
18  capacity; SAN MATEO COUNTY       COMPLAINT; MEMORANDUM OF POINTS
    DEPUTY SUZANNE BLICK in her      AND AUTHORITY IN SUPPORT;
19  individual and official          DECLARATION OF GREGG A. THORNTON;
    capacity; Lt. VICTORIA O'BRIEN   [PROPOSED] ORDER**
20  in her individual and official
    capacity; SGT. GIL RODRIGUEZ in  [FRCP 12(b)(6) and 12(f)]
21  his individual and official
    capacity; KATHERYN ALBERTIE in   Date : October 3, 2008
22  his individual capacity; SAN     Time : 9:00 a.m.
    MATEO COUNTY SHERIFF'S DEPUTIES  Ctrm : 10
23  Does 1 –100; CITY OF SAN MATEO;  Judge: Hon. Susan Illston
    SAN MATEO POLICE DEPARTMENT; SAN
24  MATEO POLICE CHIEF SUSAN E.
    MANHEIMER, in her individual and
25  official capacity; SGT. PERUCCI
    in his individual and official
26  capacity; DETECTIVE TONYA NUE in
    her individual and official
27  capacity; Lt. ALAN PARISIAN in
    his individual and official
28  capacity; SAN MATEO POLICE

*Selman Breitman LLP*
ATTORNEYS AT LAW

1  OFFICERS Does 1-100; JAMES
   RAINEY MASON, in his individual
2  capacity; CITY OF BURLINGAME,
   BURLINGAME POLICE DEPARTMENT,
3  its POLICE CHIEF JACK VAN ETTEN,
   OFFICER KEVIN KASHIWAHARA in his
4  individual capacity; OFFICER
   STEVE VEGA in his individual and
5  official capacity; ROBERT CISSNA
   in his individual and official
6  capacity; Does 1-200, inclusive,
   *et al.*,
7
            Defendants.
8

Selman Breitman LLP
ATTORNEYS AT LAW

2

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

C-08-02541 SI

156081.1  555.25544

Selman Breitman LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION............................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES............................ 3

I.   INTRODUCTION............................................................ 3

II.  GENERAL FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT...... 3

III. LEGAL STANDARD FOR MOTION TO DISMISS...................... 6

IV.  PLAINTIFF'S STATE LAW CLAIMS AS ALLEGED IN HER 17TH, 18TH, 19TH, 20TH AND 21ST CAUSES OF ACTION CANNOT BE SUSTAINED AGAINST THE BURLINGAME DEFENDANTS BECAUSE PLAINTIFF FAILED TO FIRST SERVE A CALIFORNIA GOVERNMENT TORT CLAIM................................................................ 7

V.   ALL CLAIMS INVOLVING EVENTS OCCURRING PRIOR TO MAY 20, 2006, ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS........................................................... 8

VI.  PLAINTIFF'S COMPLAINT FAILS TO ALLEGE THAT THE BURLINGAME DEFENDANTS DEPRIVED HER OF ANY CONSTITUTIONAL RIGHT UNDER  42 U.S.C. §§1983,1985 OR 1985(3)................................................................ 9

     A.   Plaintiff Cannot Sustain Her First Cause of Action Against The City Of Burlingame Because Neither A Policy Nor A Constitutional Violation Is Sufficiently Alleged............................................ 11

     B.   Plaintiff's Second Cause Of Action As Alleged Against Chief Jack Van Etten And Officers Kashiwahara, Vega And Cissna Cannot Be Maintained For Failing To Allege A Constitutional Violation.... 14

     C.   Plaintiff's Third and Fourth Causes Of Action For Conspiracy Must Also Be Dismissed With Prejudice Because A Constitutional Violation Is Not Alleged Against The Burlingame Defendants.................. 17

          1.   Plaintiff's Third Cause Of Action Cannot Be Maintained Against The City of Burlingame Or Burlingame Police Department.................. 18

          2.   Plaintiff's Fourth Cause Of Action Against Officers Kashiwahara, Vega and Cissna Also Fails To Allege A Legally Sufficient Action For Conspiracy................................... 19

     D.   Plaintiff's Eighth Cause Of Action For Interference With Access To Courts Against Officer Cissna Cannot Be Maintained Since It Is Time-Barred And Because No Injury Is Alleged............. 20

i

156081.1  555.25544

**TABLE OF CONTENTS**
(Continued)

Page

E.   Plaintiff's Eleventh Cause Of Action Under 42
U.S.C. §1983 For Negligent Hiring Must Also Be
Dismissed...........................................21

VII. THE INDIVIDUALLY-NAMED BURLINGAME OFFICERS ARE ALSO
PROTECTED BY QUALIFIED IMMUNITY FROM PLAINTIFF'S CLAIMS.. 22

VIII. PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES CANNOT BE PLED
AGAINST THE CITY OF BURLINGAME AND MUST BE STRICKEN......23

IX.  CONCLUSION...........................................24

Selman Breitman LLP
ATTORNEYS AT LAW

ii

156081.1  555.25544

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Addisu v. Fred Meyer,Inc.,*
198 F.3d 1130 (9th Cir. 2000) ................................. 17

*Balistreri v. Pacifica Police Department,*
901 F.2d 696 (9th Cir. 1990) ................................. 6

*Barren v. Harrington,*
152 F.3d 1193 (9th Cir. 1998) ......................... 10, 14, 20

*Board of the County Commr's of Bryan County,Okla. v. Brown,*
520 U.S. 397 (1997) ......................................... 13

*City of Cleburne v. Cleburne Living Ctr.,*
473 U.S. 432 (1985) ......................................... 14

*County of Sacramento v. Lewis,*
523 U.S. 833 n. 5 (1998) .................................... 9

*Hurt v. Philadelphia Housing Authority,*
806 F.Supp. 515 (E.D. Pa. 1992) ............................. 17

*Hydrick v. Hunter,*
500 F.3d 978 (9th cir. 2007) ................................ 22

*Jablon v. Dean Witter & Co.,*
614 F.2d 677 (9th Cir. 1980) ............................... 6, 9

*L.W. v. Grubbs,*
974 F.2d 119 (9th Cir. 1992) ................................ 9

*Lewis v. Casey,*
518 U.S. 343, 116 S.Ct. 2174, [135 L.Ed.2d 606] (1996) ........ 20

*Lukovsky v. City and County of San Francisco,*
WL 3091265 (9th Cir. 2008) .................................. 8

*L.W. v. Grubbs,*
974 F.2d 119 (9th Cir. 1992) ................................ 9

*Maldonado v. Harris,*
370 F.3d 945 (9th Cir. 2004) ................................ 8

*McDougal v. County of Imperial,*
942 F.2d 668 (9th Cir. 1991) ................................ 8

*Monell v. New York City Department of Social Services,*
436 U.S. 658 (1978) ............................... 11, 12, 13, 21

Selman Breitman LLP
ATTORNEYS AT LAW

iii

156081.1 555.25544

1

**TABLE OF AUTHORITIES**
(Continued)

2                                                                          Page

3    Moreland v. Las Vegas Metro. Police Dept.,
     159 F.3d 365, n. 4 (9th Cir. 1998) .......................... 9
4
     Navarro v. Block,
5    72 F.3d 712 (9th Cir. 1995) ........................ 12, 13, 14

6    Oltarzewski v. Ruggiero,
     830 F.2d 136 (9th Cir. 1987) .............................. 16
7
     Oyler v. Boles,
8    368 U.S. 448, 82 S.Ct. 501, [7 L.Ed.2d 446] ............... 15

9    Padula v. Morris,
     2008 WL 1970331 [E.D.Cal. 2008] ........................... 7
10
     Rogers v. Mount Union Borough by Zook,
11   816 F.Supp. 308 (M.D. Pa. 1993) .......................... 17

12   Saucier v. Katz,
     533 U.S. 194, 121 S.Ct.2151 (2001) ....................... 22
13
     Slagel v. Shell Oil Refinery,
14   811 F.Supp. 378 (C.D. Ill. 1993) ......................... 16

15   Thomas v. Hickman,
     2006 WL 2868967 1 (E.D. Cal. 2006) ........................ 9
16
     Van Ort v. Estate of Stanewich,
17   92 F.3d 831 (C.A.9 (Cal.) 1996) .......................... 21

18   Weiss v. Patrick,
     453 F.Supp. 717 (D.C.R.I. 1978,) ......................... 10
19

**STATE CASES**

20
     Berry v. City of Santa Barbara,
21   40 Cal.App.4th 1075 (Cal.App.2 Dist. 1995) ............... 15

22   Marron v. Superior Court,
     108 Cal.App.4th 1049 (2003) .............................. 23
23
     Ogborn v. City of Lancaster,
24   101 Cal.App.4th 448, 124 Cal.Rptr.2d 238 (Cal.App.2d Dist.
     2002) .................................................... 22
25
     Shepherd v. Jones,
26   136 Cal.App.3d 1049, 186 Cal.Rptr. 708 (Cal.App.1st Dist.
     1982) .................................................... 18
27

28

iv

---

Selman Breitman LLP<br>ATTORNEYS AT LAW

156081.1 555.25544

**TABLE OF AUTHORITIES**
**(Continued)**

Page

Taylor v. Mitzel,
82 Cal.App.3d 665, 147 Cal.Rptr. 323 ............................. 7

**FEDERAL STATUTES**

Federal Rule of Civil Procedure 12(b)(6) ..................... 1, 6

Federal Rule of Civil Procedure 12(f) ........................... 1

42 U.S.C. §1983 ............... 2, 3, 8, 9, 10, 11, 14, 16, 21, 22

42 U.S.C. §1985 ................................... 3, 8, 9, 18, 22

**STATE STATUTES**

California Government Code §818 ............................... 23

California Government Code §911.2 .............................. 7

Cal. Gov. Code §945.4 ......................................... 7

Cal. Gov. Code §950.2 ......................................... 7

Cal. Code of Civ. Proc. §335.1 ................................ 8

Selman Breitman LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

156081.1  555.25544

## NOTICE OF MOTION

**TO PLAINTIFF *IN PRO SE*:**

**PLEASE TAKE NOTICE** that on October 3, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom No. 10 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, defendants CITY OF BURLINGAME, BURLINGAME POLICE DEPARTMENT, its POLICE CHIEF JACK VAN ETTEN, OFFICER KEVIN KASHIWAHARA in his individual capacity, OFFICER STEVE VEGA in his individual and official capacity, ROBERT CISSNA in his individual and official capacity (hereafter collectively "Burlingame Defendants",) will, and hereby do, move this Court for an order dismissing plaintiff's complaint with prejudice as alleged against them, by and through, plaintiff's first, second, third, fourth, eighth, eleventh, seventeenth, eighteenth, nineteenth, twentieth and twenty-first causes of action, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Additionally, the Burlingame Defendants will, and hereby do, move this Court for an order striking certain damage claims pursuant to Federal Rule of Civil Procedure 12(f).

This Motion is made on the following grounds:

(1) Plaintiff cannot maintain her state law causes of action against any of the Burlingame Defendants because she failed to serve a California Government Tort Claim prior to commencing this lawsuit;

(2) All claims stemming from events occurring prior to May 20, 2006, are barred by the applicable statute of limitations;

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1 555.25544

(3) Plaintiff's complaint fails to sufficiently allege that any of the Burlingame Defendants deprived her of a constitutional right, as is required to maintain each of her causes of action pursuant to 42 U.S.C. §§1983, 1985 and 1985(3); and

(4) As a matter of law, plaintiff cannot maintain a claim for punitive damages against the City of Burlingame.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed in support of this Motion, the supporting Declaration of Gregg A. Thornton and attached documents, the pleadings and papers on file herein, and on such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED: August 26, 2008      SELMAN BREITMAN LLP

By: _____
GREGG A. THORNTON
KELLI GEORGE
Attorneys for Defendants
CITY OF BURLINGAME, BURLINGAME
POLICE DEPARTMENT, its POLICE
CHIEF JACK VAN ETTEN, OFFICER
KEVIN KASHIWAHARA in his
individual capacity, OFFICER STEVE
VEGA in his individual and
official capacity, ROBERT CISSNA
in his individual and official
capacity

**Selman Breitman LLP**
ATTORNEYS AT LAW

2

156081.1  555.25544

1                    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    I.    <u>INTRODUCTION</u>

3          The Burlingame Defendants bring this Motion to dismiss

4    plaintiff's entire complaint with prejudice as alleged against

5    them, by and through, her first, second, third, fourth, eighth,

6    eleventh, seventeenth, eighteenth, nineteenth, twentieth and

7    twenty-first causes of action for failure to state a claim upon

8    which relief can be granted.  The Burlingame Defendants also

9    bring this motion to strike claims for certain damages, which are

10   not recoverable as a matter of law.

11         The Burlingame Defendants bring this Motion to dismiss and

12   strike on the following basis:  (1) plaintiff cannot maintain any

13   of her state law causes of action against the Burlingame

14   Defendants because at no time did she serve the required

15   California Government Tort Claim on them; (2) any and all claims

16   stemming from events occurring prior to May 20, 2006, are barred

17   by the applicable statute of limitations; (3) plaintiff's

18   complaint fails to sufficiently allege that any of the Burlingame

19   Defendants deprived her of any constitutional rights and,

20   therefore, plaintiff cannot maintain her causes of action

21   pursuant to 42 U.S.C. §§1983, 1985 and 1985(3); (4) as a matter

22   of law, plaintiff cannot maintain her claim for punitive damages

23   as alleged against the City of Burlingame.

24   II.   <u>GENERAL FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT</u>

25         Plaintiff's complaint stems from an alleged rape that she

26   claims occurred late in the night on November 4, 2005, and into

27   the early morning on November 5, 2005.  [Complaint (hereafter

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
C-08-02541 SI

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1  555.25544

1    "Compl." 12:¶33]   She claims that she was raped by a San Jose

2    Police Officer, and named defendant, James R. Mason (hereafter

3    "Mason") whom plaintiff was allegedly dating.  [Id.]

4        Plaintiff further claims that after her alleged rape, she

5    was improperly arrested by City or County San Mateo Police

6    Officers due to a false report made by Mason that she was

7    assaulting him.  [Compl. 13-15]   She claims she was taken to the

8    County Jail where she was improperly held and searched.  [Id.]

9    She also claims that when she was arrested, she repeatedly

10   requested medical treatment, but was ignored.  [Id.]   She alleges

11   that the Officers who arrested her were covering up for Mason.

12   [Compl. 16:¶54]   After she was released from jail, she claims

13   that her subsequent attempts to have those San Mateo Police

14   Officers investigated, as well as her requests that the District

15   Attorney take action against Mason, were ignored.  [Compl. 18-20]

16       Next, plaintiff's allegations against the Burlingame

17   Defendants stem from a temporary restraining order (hereafter

18   "TRO") that plaintiff obtained against Mason.  [Compl. 19:27 to

19   20:1]   She claims that Mason violated this TRO on two separate

20   occasions while he was in the presence of Burlingame Police

21   Officers who, plaintiff alleges, are Mason's friends.  [Compl.

22   20-21]

23       The first alleged violation occurred on April 5, 2006.

24   [Compl. 20-21:¶75]   Plaintiff claims that Mason was with unnamed

25   Burlingame Police Officers at the time.  [Id.]   Plaintiff also

26   claims that Burlingame Police Officer Cissna, who took a report

27   from plaintiff about that alleged TRO violation the day after it

28

Selman Breitman LLP
ATTORNEYS AT LAW

4

156081.1 555.25544

1   occurred, conspired with Detective Nue from the San Mateo Police

2   Department to falsify and misconstrue the report and omit the

3   fact that Mason was with Burlingame Police Officers when the

4   alleged violation occurred.  [Compl. 21:76]  Officer Cissna's

5   report is attached as **Exhibit A** to the Declaration of Gregg A.

6   Thornton, filed and served contemporaneously with this motion.

7       The second alleged TRO violation occurred on May 26, 2006.

8   [Compl. 21:¶77]  Plaintiff alleges that Burlingame Police Officer

9   Vega approached her at a table in a restaurant located in the

10  City of Burlingame and told her she had to leave because Mason

11  was in the restaurant.  [Compl. 21:13-15].  Plaintiff claims she

12  went into a panic attack after she asked Officer Vega if he was a

13  friend of Mason, and Officer Vega responded affirmatively.

14  [Compl. 21:15-18]  A report of this incident was taken.  Again,

15  plaintiff alleges Officer Kashiwahara falsified that report.

16  [Compl. 21:21-23]  This police report is attached as **Exhibit B** to

17  the Declaration of Gregg A. Thornton.  The police report states

18  that Mason was at the restaurant first before plaintiff arrived

19  and, therefore, plaintiff was requested to leave.  [**Exhibit B**

20  Bates Stamp Number (B.S.N.) BUR00070]

21      Plaintiff further claims that Mason used Officer Kashiawara

22  and Officer Vega to harass, stalk and intimidate her.  [Compl.

23  21:¶77]  She also claims Officer Kashiawahara called Officer Vega

24  on his cell phone to plot, plan and conspire against her.  [Comp.

25  21:¶79]

26      Next, even though Mason is alleged in plaintiff's complaint

27  as being a San Jose Police Officer, plaintiff claims he is a

28

Selman Breitman LLP
ATTORNEYS AT LAW

5

1   former Burlingame Police Officer, who Burlingame hired knowing he

2   had a criminal record, and that he was forced to resign after a

3   female citizen complained he was stalking and harassing her.

4   {Compl. 18:¶64]

5        Finally, she alleges that the Burlingame Police Department

6   conspired with Mason's attorney, Harry Stern, to deny plaintiff's

7   right to equal protection, discriminate against her and impede

8   her access to the courts.  [Compl. 22:¶83]

9        In conclusion, plaintiff claims punitive damages against

10  each named defendant.  [Compl. 50:28]

11       Plaintiff also never served any of the Burlingame Defendants

12  with a California Government Tort Claim [GAT Decl. ¶4], nor does

13  she state that she did in her complaint.

14  **III. LEGAL STANDARD FOR MOTION TO DISMISS**

15       Under Federal Rule of Civil Procedure Rule 12(b)(6), a

16  district court must dismiss a cause of action if it fails to

17  state a claim upon which relief can be granted.  Dismissal can be

18  based on either the lack of a cognizable legal theory or the

19  absence of sufficient facts alleged under a cognizable theory.

20  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.

21  1990).

22       Furthermore, where the facts and dates alleged in the

23  complaint indicate the claim is barred by the statute of

24  limitations, a motion to dismiss for failure to state a claim

25  lies.  *See* Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th

26  Cir. 1980).

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
C-08-02541 SI

156081.1 555.25544

**IV.  PLAINTIFF'S STATE LAW CLAIMS AS ALLEGED IN HER 17TH, 18TH, 19TH, 20TH AND 21ST CAUSES OF ACTION CANNOT BE SUSTAINED AGAINST THE BURLINGAME DEFENDANTS BECAUSE PLAINTIFF FAILED TO FIRST SERVE A CALIFORNIA GOVERNMENT TORT CLAIM**

The Calfiornia Government Tort Claims Act provides that, "[N]o suit for money or damages may be brought against a public entity ... until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board ..." *Cal. Gov. Code* § 945.4. "A claim relating to a cause of action for ... injury to person ... shall be presented ... not later than six months after the accrual of the cause of action." *Cal. Gov. Code* § 911.2(a).  This presentment requirement is mandatory. <u>Taylor v. Mitzel</u>, 82 Cal.App.3d 665, 671, 147 Cal.Rptr. 323 (3rd Dist.1978); *see also* <u>Padula v. Morris</u> 2008 WL 1970331, 5 (E.D.Cal.,2008).

Moreover, subject to certain exceptions not applicable here, "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred" under, *inter alia*, California Government Code §§ 911.2 or 945.6.  *Cal. Gov. Code* § 950.2; *see also* <u>Padula</u>, <u>supra</u>, 2008 WL 1970331, 5.

Here, plaintiff's seventeenth (17th), eighteenth (18th), nineteenth (19th), twentieth (20th) and twenty-first (21st) causes of action are all state law causes of action alleged against the Burlingame Defendants.  However, plaintiff never served a

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1  555.25544

California Government Tort Claim on any of the Burlingame

Defendants. As a result, pursuant to the Government Tort Claims

Act, plaintiff's state law causes of action must be dismissed

with prejudice as alleged against the named Burlingame

Defendants.

**V.    ALL CLAIMS INVOLVING EVENTS OCCURRING PRIOR TO MAY 20, 2006, ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

California's statute of limitations for personal injury

actions applies to plaintiff's 42 U.S.C. §1983 claims. Maldonado

v. Harris, 370 F.3d 945 (9th Cir. 2004). Moreover, plaintiff's

§§1985 and 1985(3) conspiracy actions are also governed by the

state personal injury statute of limitations. McDougal v. County

of Imperial, 942 F.2d 668 (9th Cir. 1991). Therefore, plaintiff's

actions against the Burlingame Defendants are subject to a two-

year statute of limitations. See Cal. Code of Civ. Proc. §335.1.

Additionally, federal law is used to determine an accrual

date, which begins "when the plaintiff knows or has reason to

know of the injury which is the basis of the action." See

Lukovsky v. City and County of San Francisco, WL 3091265, 2 (9th

Cir. 2008).

Here, plaintiff's complaint was not filed until May 20,

2008. As such, any claims stemming from the alleged rape of

November 4-5, 2005, or the alleged TRO violation on April 5,

2006, are barred by the applicable statute of limitations.

Plaintiff's complaint plainly states that she was aware of the

alleged events, as well as her alleged resultant injuries, at the

time those incidents occurred, and those damages accrued.

As a matter of law, the complaint fails to state a claim an

8

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1  555.25544

1    action is time-barred.  <u>Jablon v. Dean Witter & Co.</u>,  614 F2d

2    677, 682 (9th Cir. 1980).  Therefore, plaintiff's claims flowing

3    from both the alleged rape of November 4-5, 2005, and the alleged

4    TRO violation on April 5, 2006, should be dismissed with

5    prejudice against the Burlingame Defendants.

6         Plaintiff's only non-time-barred allegation against the

7    Burlingame Defendants involves Officer Vega's and Officer

8    Kashiwahara's conduct regarding the alleged TRO violation on May

9    26, 2006.

10   **VI.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE THAT THE BURLINGAME**
         **DEFENDANTS DEPRIVED HER OF ANY CONSTITUTIONAL RIGHT UNDER**
11       **42 U.S.C. §§1983,1985 OR 1985(3)**

12        Plaintiff alleges six separate causes of action against the

13   Burlingame defendants, based in federal law, pursuant to 42

14   U.S.C. §§1983, 1985 and 1985(3).

15        To state a claim under §1983, a plaintiff must show "that

16   (1) the conduct complained of was committed by a person acting

17   under color of state law; and (2) the conduct deprived the

18   plaintiff of a constitutional right." <u>L.W. v. Grubbs</u> 974 F.2d

19   119, 120 (9th Cir. 1992).  The threshold question is whether

20   plaintiff has alleged a constitutional deprivation.  <u>County of</u>

21   <u>Sacramento v. Lewis</u> 523 U.S. 833, 841, n. 5 (1998).

22        In order to state a claim for relief under §1983, a

23   plaintiff must link each named defendant with some affirmative

24   act or omission that demonstrates a violation of plaintiff's

25   federal rights."  <u>Thomas v. Hickman</u>, 2006 WL 2868967 1, 11 (E.D.

26   Cal. 2006).  Barring an affirmative finding in this regard, the

27   court should dismiss without further analysis.  *See* <u>Moreland v.</u>

28

                                      9

Selman Breitman LLP
ATTORNEYS AT LAW

1  Las Vegas Metro. Police Dept. 159 F.3d 365, n. 4 (9th Cir. 1998).

2  A plaintiff must allege facts, not simply conclusions, which

3  show that an individual was personally involved in the

4  deprivation of his civil rights. Barren v. Harrington, 152 F.3d

5  1193 (9th Cir. 1998).

6  In order to recover damages for conspiracy to deprive one of

7  his or her civil rights, one must be injured in person or

8  property or there must be an in-fact deprivation of some

9  federally protected civil right. Weiss v. Patrick, 453 F. Supp.

10  717 (D.C.R.I. 1978,) affirmed 588 F.2d 818, certiorari denied 99

11  S.Ct. 2858, 442 U.S. 929, 61 L.Ed.2d 296. Here, plaintiff fails

12  to meet her burden to allege sufficient facts against the

13  Burlingame Defendants to establish a deprivation of a

14  constitutional right.

15  As demonstrated above, due to the Burlingame Defendants'

16  statute of limitations defense, plaintiff's only remaining

17  factual allegations against the Burlingame Defendants relate to

18  the alleged May 26, 2006 TRO violation. As further explained

19  below, plaintiff's complaint fails to allege that any Burlingame

20  Defendant deprived her of a constitutional right with regards to

21  this alleged May 26, 2006 TRO violation.

22  Moreover, even if the court finds that plaintiff's

23  allegations about the April 5, 2006 and November 4-5, 2005,

24  events are not barred by the statute of limitations, these

25  allegations similarly do not impute liability to any of the

26  Burlingame Defendants, as no deprivation of plaintiff's

27  constitutional rights is alleged.

28

Selman Breitman LLP
ATTORNEYS AT LAW

10

156081.1  555.25544

**A.   Plaintiff Cannot Sustain Her First Cause of Action Against The City Of Burlingame Because Neither A Policy Nor A Constitutional Violation Is Sufficiently Alleged**

Plaintiff's first cause of action is brought under 42 U.S.C. §1983 for "Discrimination and Denial of Equal protection under the First and Fourteenth Amendment" against the City of Burlingame and other City, County, Institutional and Supervisory Defendants.  [Compl. 31:2-4]

Plaintiff alleges that "the Burlingame Police Department maintained or permitted an official policy, practice, and/or custom which is discriminatory against women and provides less protection to victims of date rape, rape by intoxication, and domestic violence than they do with other victims of violence, and herein violated said plaintiff's right to due process, meaningful access to the courts, and equal protection clause under the First and Fourteenth Amendment, and directly and proximately damaged plaintiff . . ."  [Compl. 31-32:¶127]  No other facts are set forth by plaintiff in this cause of action.

Even though, the Burlingame Police Department is included in this cause of action, plaintiff is essentially alleging a Monell cause of action against the City of Burlingame.  The United States Supreme Court in Monell v. New York City Dep't of Social Services 436 U.S. 658 (1978) held that municipalities may not be held liable under 42 U.S.C. §1983 unless a constitutional tort results from some action undertaken pursuant to an official municipal policy or governmental custom.

To sustain a Monell action under 42 U.S.C. §1983 against a municipality, a plaintiff must show that (1) he or she possessed

11

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1  555.25544

1   a constitutional right of which he or she was deprived; (2) that

2   the municipality had a policy which amounted to "deliberate

3   indifference" to the plaintiff's constitutional right; and (3)

4   that action pursuant to the policy caused a violation of that

5   constitutional right.  Monell, supra, 436 U.S. at 691.

6       Moreover, proof of random acts or isolated events is

7   insufficient to sufficiently establish a custom supporting a

8   §1983 claim against a municipality.  Navarro v. Block 72 F.3d

9   712, 714 (9th Cir. 1995).

10      Here, with regards to the alleged May 26, 2006 TRO

11  violation, plaintiff alleges that Mason used Officers Vega and

12  Kashiwahara to harass, stalk and intimidate her.  [Compl. 21:¶77]

13  She also claims Officer Kashiwahara falsified the report that was

14  taken, and he called Officer Vega on his cell phone to plot, plan

15  and conspire against her.  [Comp. 21:¶79 and 21:21-23] ]

16  However, Officer Kashiwahara is only sued in his individual

17  capacity, and not in his official capacity, so no Monell

18  liability could be imputed by his alleged actions.

19      Moreover, plaintiff's allegations are devoid of any official

20  policy showing the City of Burlingame or the Burlingame Police

21  Department participated in a practice or custom that is

22  discriminatory against women and provides less protection to

23  victims of date rape than other victims of violence.  She also

24  does not allege that Officers Vega or Kashiwahara were

25  supervisory defendants.

26      Plaintiff's allegations only refer to individual actions

27  taken by Officers Kashiwahara and Vega.  Again, proof of random

28

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1  555.25544

1   acts or isolated events is insufficient to sufficiently establish

2   a custom supporting a section 1983 claim against a municipality.

3   Navarro, supra, 72 F.3d at 714.

4       Additionally, the actions of individual employees can

5   support liability against their governmental employer only if the

6   employees were acting pursuant to an official policy or committed

7   a constitutional violation "pursuant to a longstanding practice

8   or custom." Bd. of the County Commr's of Bryan County, Okla. v.

9   Brown, 520 U.S. 397 (1997).  Here, no such custom or policy is

10  identified.

11      Most importantly, plaintiff's allegations do not rise to the

12  level of constitutional violations.  No deprivation is shown, and

13  no injury resulting from the alleged actions taken by Officers

14  Vega and Kashiwahara is shown.  Therefore, there can be no Monell

15  liability.

16      Furthermore, even though her claim is time-barred, the City

17  of Burlingame and the Burlingame Police Department were not

18  involved with plaintiff's alleged arrest on November 5, 2005.

19  Also, plaintiff's time-barred allegations regarding the alleged

20  April 5, 2006 TRO violation only plead a specific act and not a

21  policy to sufficiently allege a Monell cause of action against

22  the City of Burlingame.

23      Given the lack of sufficient facts alleged against the City

24  of Burlingame, the first cause of action should be dismissed with

25  prejudice for insufficient specificity in pleading claims.

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

13

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
C-08-02541 SI

156081.1 555.25544

**B.    Plaintiff's Second Cause Of Action As Alleged Against Chief Jack Van Etten And Officers Kashiwahara, Vega And Cissna Cannot Be Maintained For Failing To Allege A Constitutional Violation**

Plaintiff's second cause alleges that the individually-named Burlingame Officers violated her First and Fourteenth Amendment rights by discriminating against her as a woman and as a victim of domestic violence.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. §1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

" 'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." See Navarro v. Block, 72 F.3d 712, 716 n. 5 (9th Cir.1995).

Moreover, like free speech and press provisions of First Amendment, equal protection clause of Fourteenth Amendment

156081.1  555.25544

1    generally prohibits government from drawing content-based

2    distinctions between speech activities.  Berry v. City of Santa

3    Barbara 40 Cal.App.4th 1075 (Cal.App. 2 Dist.,1995).

4    Additionally, the conscious exercise of some selectivity in

5    enforcement is not in itself a federal constitutional violation.

6    Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446.

7        Here, in paragraph 133 of this cause of action, plaintiff

8    only alleges that "[d]efendants Kashiwahara and Vega acted in

9    agreement and concerted actions under the color of law and

10   intentionally discriminated against the Plaintiff as a woman and

11   as a victim of domestic violence and denied the plaintiff of her

12   right to equal protection under the laws."

13       In paragraph 134 of this cause of action, plaintiff alleges

14   that "[d]efendants Cissna, Nue and Police acted in agreement and

15   concerted actions under the color of law and intentionally

16   discriminated against the plaintiff as a woman and as a victim of

17   domestic violence and denied the plaintiff of her right to equal

18   protection under the laws."

19       Clearly, as discussed in relation to plaintiff's first cause

20   of action, plaintiff's claims against Chief Van Etten, Officer

21   Kashiwahara, Officer Vega and Officer Cissna do not rise to the

22   level of sufficiently alleging a violation of plaintiff's First

23   or Fourteenth Amendment rights.

24       Firstly, plaintiff fails to allege any specific acts taken

25   by Chief Jack Van Etten.  Therefore, he did not deprive plaintiff

26   of any constitutional rights.

27       Secondly, with regards to the alleged May 26, 2006 incident,

28

15

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
C-08-02541 SI

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1 555.25544

1   each factual allegation as alleged against Officer Vega fails to

2   establish that plaintiff was prohibited from any speech

3   activities or that she was denied any equal protection of the

4   laws by his interaction with her at the restaurant.  Importantly,

5   plaintiff fails to allege the requisite intent element necessary

6   to maintain this action against Vega.  As shown by the police

7   report from this incident, Officer Vega was actually enforcing

8   the law since plaintiff arrived at the restaurant after Mason had

9   already been there.  [**Exhibit B** B.S.N. BUR00070]  The report also

10  indicates that plaintiff chose to leave on her own free will.

11  [Id.]

12      Citizens do not have a constitutional right to courteous

13  treatment by the police.  Slagel v. Shell Oil Refinery, 811

14  F.Supp. 378, 382 (C.D. Ill. 1993).  Courts have held that

15  "[v]erbal harassment and abusive language are not sufficient to

16  state a constitutional deprivation under 42 U.S.C. §1983."

17  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

18  Therefore, Officer Vega's mere statements to plaintiff, whatever

19  plaintiff may alleges those statements to be, do not constitute a

20  constitutional violation.

21      Lastly, Officer Kashiwahara's alleged action of falsifying a

22  police report, without more, also does not establish that he

23  prohibited plaintiff's free speech rights or denied her equal

24  protection of the laws.  No facts are alleged regarding how the

25  report was falsified to deprive her of a constitutional right.

26  Similarly, plaintiff fails to allege the requisite intent needed

27  to sustain this action.  Moreover, plaintiff fails to allege an

28

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1 555.25544

1    injury from the alleged falsified report.

2        Also, plaintiff's time-barred allegation regarding the April

3    5, 2006 incident, equally fails because she does not allege how

4    Officer Cissna falsified his report or how it injured her.

5    Without more, this allegation does not show that her First or

6    Fourteenth Amendment rights were violated.

7        Furthermore, plaintiff's time-barred claim of her alleged

8    rape or arrest on November 4-5, 2005, does not involve the

9    individually-named Burlingame Police Officers.

10       Therefore, plaintiff's second cause of action should be

11   dismissed with prejudice against Chief Van Etten and Officers

12   Kashiwahara, Vega and Cissna.

13       **C.   Plaintiff's Third and Fourth Causes Of Action For
             Conspiracy Must Also Be Dismissed With Prejudice**

14       **Because A Constitutional Violation Is Not Alleged
             Against The Burlingame Defendants**

15

16       The elements of a claim under civil rights conspiracy

17   statute are: (1) the existence of a conspiracy to deprive the

18   plaintiff of the equal protection of the laws; (2) an act in

19   furtherance of the conspiracy; and (3) a resulting injury.

20   Addisu v. Fred Meyer, Inc. 198 F.3d 1130 (9th Cir. 2000).

21       The specificity required for pleading civil rights

22   conspiracy obligates plaintiffs to allege specific conduct

23   violating plaintiffs' rights, the time and place of that conduct,

24   and the identity of responsible parties.  Hurt v. Philadelphia

25   Housing Authority, 806 F.Supp. 515 (E.D. Pa.1992).  Mere

26   conclusory allegations that a conspiracy existed will not survive

27   a motion to dismiss.  Rogers v. Mount Union Borough by Zook, 816

28

Selman Breitman LLP
ATTORNEYS AT LAW

17

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

F.Supp. 308 (M.D. Pa.1993).  Moreover, when no civil wrong is

committed, a conspiracy to deprive constitutional rights cannot

be found.  *See* Shepherd v. Jones, 136 Cal.App.3d 1049, 1057, 186

Cal.Rptr. 708 (Cal. App. 1st Dist. 1982).

Here, plaintiff's third and fourth causes of action allege

conspiracy claims under 42 U.S.C. §§1985 and 1985(3) against the

City of Burlingame, the Burlingame Police Department and Officers

Kashiwahara, Vega and Cissna.  However, as discussed above,

plaintiff fails to sufficiently allege that any of these

Burlingame Defendants' alleged acts rise to the level of a

deprivation of a constitutional right.  Moreover, plaintiff fails

to meet her burden to allege a conspiracy cause of action because

no actual injury is shown.

> **1.    Plaintiff's Third Cause Of Action Cannot Be Maintained Against The City of Burlingame Or Burlingame Police Department**

The only facts alleged in this cause of action are

allegations surrounding plaintiff's alleged November 4-5, 2005

rape and subsequent time spent at the County Jail.  [See Compl.

34:¶¶138-139]  Therefore, this cause of action fails to show the

City of Burlingame or the Burlingame Police Department conspired

with any of the other defendants to violate her civil rights.

Moreover, plaintiff fails to allege that she sustained any injury

as a result of any actions by the City of Burlingame or the

Burlingame Police Department in this regard.

Plaintiff does include a vague allegation in her general

facts that the Burlingame Police Department conspired with

Mason's attorney.  However, plaintiff fails to allege any indicia

18

156081.1  555.25544

of an agreement or meeting of the minds, or an act in furtherance of the conspiracy that is a civil wrong.

Therefore, plaintiff's third cause of action should be dismissed with prejudice as alleged against the City of Burlingame and the Burlingame Police Department.

### 2. Plaintiff's Fourth Cause Of Action Against Officers Kashiwahara, Vega and Cissna Also Fails To Allege A Legally Sufficient Action For Conspiracy

Similarly, plaintiff's fourth cause of action does not include any facts to support her claim for conspiracy against the individually named Officers. [See Compl. 35-36] Plaintiff's fourth cause of action is also based on the events surrounding the alleged November 4-5, 2005 rape. Plaintiff alleges that "... Defendants acted in concerted action and agreement with off duty police officer Mason and conspired directly and/or indirectly to discriminate against the plaintiff as a woman and victim of domestic violence to cover up Mason's crime of rape and their own unlawful conduct." [Compl. 35:11-15]

Officers Kashiwahara, Vega and Cissna had no involvement at all with the November 4-5, 2005 events. Therefore, this cause of action should entirely be dismissed as alleged against them.

Moreover, plaintiff's other general claims of conspiracy fail since plaintiff only alleges vaguely that Cissna conspired to falsify a report and that Vega and Kashiwahara conspired to plot and plan against her. [Compl. 21] Neither of these allegations specifically identifies an action taken in furtherance of the alleged conspiracy, a valid constitutional

Selman Breitman LLP
ATTORNEYS AT LAW

19

156081.1 555.25544

violation or that an injury resulted to plaintiff.

Plaintiff's fourth cause of action should be dismissed with prejudice as alleged against Officers Kashiwahara, Vega and Cissna.

> **D.  Plaintiff's Eighth Cause Of Action For Interference With Access To Courts Against Officer Cissna Cannot Be Maintained Since It Is Time-Barred And Because No Injury Is Alleged**

To state a valid claim for denial of access to courts, a plaintiff must allege an actual injury. _Barren_, _supra_, 152 F.3d at 1195; _see also_ _Lewis v. Casey_, 518 U.S. 343, 351-52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Plaintiff includes Officer Cissna in this claim.  However, the only facts alleged against him involve the alleged April 5, 2006 TRO violation.  As discussed above, this claim is time-barred, and therefore, this cause of action should be dismissed as alleged against Officer Cissna.

However, even not considering the statute of limitations defense, plaintiff clearly bases this cause of action on the events involving her alleged rape on November 4-5, 2005, that do not involve Officer Cissna.  [Compl. 41:¶¶173-175]

Furthermore, plaintiff fails to allege any injury as a result of Officer Cissna's alleged actions of conspiring with Detective Nue to falsify her report.  An injury is a required for a claim for interference with access to courts to succeed. Notably, looking at Officer Cissna's report, it states that he submitted the report to the District Attorney's Office for review.  [See **Exhibit A** B.S.N. BUR00044]

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
C-08-02541 SI

156081.1 555.25544

Selman Breitman LLP
ATTORNEYS AT LAW

Therefore, plaintiff's Eighth cause of action should be dismissed with prejudice as alleged against Officer Cissna.

**E.    Plaintiff's Eleventh Cause Of Action Under 42 U.S.C. §1983 For Negligent Hiring Must Also Be Dismissed**

Plaintiff essentially alleges another <u>Monell</u> claim against the City of Burlingame with this cause of action.  Negligent hiring or supervision of municipal employees is proscribed under <u>Monell</u>, but such negligence must be proximate cause of a §1983 injury.  <u>Van Ort v. Estate of Stanewich</u> 92 F.3d 831 (C.A.9 (Cal.),1996).

This present case is similar to <u>Van Ort</u>, where an off-duty deputy's private actions in assaulting and attempting to rob victims were intervening causes which precluded any county liability under §1983 for alleged negligent hiring and supervision, even though deputy's disciplinary record may have put his supervisors on alert that he could be violent and prone to use excessive, even illegal, force while performing his duties.  The court held that the county could not reasonably have foreseen that deputy would become free-lance criminal and attack victims as he did.  <u>Van Ort v. Estate of Stanewich</u> 92 F.3d 831 (C.A.9 (Cal.),1996).

Here, as alleged in plaintiff's complaint, Mason at the time of the alleged rape, and TRO violations, was a San Jose Police Officer.  [Compl. 9:¶24]  No facts are alleged about when the City of Burlingame hired Mason, or when he stopped working for the City.  Because even less proximate cause exists in this case than was found in the <u>Van Ort</u> case, liability cannot be imputed on the City of Burlingame, Burlingame Police Department or Chief

21

Selman Breitman LLP
ATTORNEYS AT LAW

1    Van Etten.

2         Furthermore, plaintiff brings this action under the Fourth

3    and Eighth Amendments, which cannot be sustained against the

4    Burlingame Defendants since they had no involvement with the

5    alleged rape and subsequent arrest on November 4-5, 2005.

6         Therefore, plaintiff's eleventh cause of action should be

7    dismissed with prejudice against the Burlingame Defendants.

8    **VII.  THE INDIVIDUALLY-NAMED BURLINGAME OFFICERS ARE ALSO**
9         **PROTECTED BY QUALIFIED IMMUNITY FROM PLAINTIFF'S CLAIMS**

10        Where a lawsuit is brought against defendants who have

11   statutory or common law immunities (*e.g.*, governmental officers

12   and entities), motions to dismiss are often based on the

13   allegations contained in the complaint.  Hydrick v. Hunter 500

14   F3d 978, 985 (9th Cir. 2007).  A plaintiff, seeking to recover

15   from a government official under §1983 and the §1985 conspiracy

16   provision, must show the right in question was clearly

17   established at the time of the alleged violation; otherwise, the

18   doctrine of qualified immunity shields public employees from

19   civil liability if they could reasonably have believed their

20   actions were consistent with the right alleged to have been

21   violated.  Ogborn v. City of Lancaster, 101 Cal.App.4th 448, 457,

22   124 Cal.Rptr.2d 238 (Cal. App. 2nd Dist. 2002).

23        "The relevant, dispositive inquiry in determining whether a

24   right is clearly established is whether it would be clear to a

25   reasonable officer that his conduct was unlawful in the situation

26   he confronted.  Saucier v. Katz, 533 U.S. 194, 201-202, 121 S.Ct.

27   2151 (2001).

28   / / /

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
C-08-02541 SI

Selman Breitman LLP
ATTORNEYS AT LAW

156081.1 555.25544

1  Here, Chief Van Etten, Officer Kashiwahara, Officer Vega and

2  Officer Cissna are protected by qualified immunity from

3  plaintiff's claims because, even if the Court were to find that a

4  constitutional right was violated, plaintiff has failed to

5  establish that any of these named Officers conduct was

6  unreasonable.

7  **VIII.  PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES CANNOT BE PLED
   AGAINST THE CITY OF BURLINGAME AND MUST BE STRICKEN**

8

9  California Government Code §818 sets forth as follows:

10      Notwithstanding any other provision of law, a
        public entity is not liable for damages
11      awarded under Section 3294 of the Civil Code
        or other damages imposed primarily for the
12      sake of example and by way of punishing the
        defendant.

13

14  As such, California Government Code §818 prohibits the

15  recovery of punitive damages from a public entity.  <u>Marron v.</u>

16  <u>Superior Court</u> (2003) 108 Cal.App.4th 1049, *rehearing denied*

17  (holding that plaintiff who alleges injury caused by a public

18  entity may be entitled to actual damages for that injury, but not

19  punitive damages).  Plaintiffs' complaint does not delineate from

20  whom punitive damages are sought.  Plaintiffs' complaint also

21  does not set forth the causes of action for which punitive

22  damages are sought.

23  Therefore, defendants request that the punitive damage

24  allegation asserted by plaintiffs against the City of Burlingame

25  on page fifty in paragraph 3, be stricken without leave to amend.

26  / / /

27  / / /

28  / / /

Selman Breitman LLP
ATTORNEYS AT LAW

23

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
C-08-02541 SI

IX.   **CONCLUSION**

For all the above-stated reasons, plaintiff's complaint should be dismissed with prejudice as pled against the Burlingame Defendants.

DATED: August 26, 2008        SELMAN BREITMAN LLP

By: _____
GREGG A. THORNTON
KELLI GEORGE
Attorneys for Defendants
CITY OF BURLINGAME, BURLINGAME
POLICE DEPARTMENT, its POLICE
CHIEF JACK VAN ETTEN, OFFICER
KEVIN KASHIWAHARA in his
individual capacity, OFFICER STEVE
VEGA in his individual and
official capacity, ROBERT CISSNA
in his individual and official
capacity

24

156081.1 555.25544

**PROOF OF SERVICE**

*Jane Doe v. County of San Mateo, et al.*

United States District Court Northern District of California Case No. C08-02541 SI

(Related to C-07-05596 SI)

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On August 26, 2008, I served the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FROM WHICH RELIEF CAN BE GRANTED, LACK OF SPECIFICITY IN PLEADINGS, AND MOTION TO STRIKE PORTIONS OF COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| **Case No. C08-02541 SI** | Plaintiff, Pro Se |
| Jane Doe<br>1700 N. Point, #107<br>San Francisco, CA 94123 | Tel: (415) 875-9571<br><br>[Plaintiff served via U.S. Mail] |
| **Related Case No. C-07-05596 SI** | Attorneys for Defendants City of San Mateo, Susan E. Manheimer, Officer #122 Murphy, Officer Yanuska #116 |
| Jeremy A. Burns<br>Carr, McClellan, Ingersoll,<br>Thompson & Horn<br>216 Park Road<br>Burlingame, CA 94010 | Tel: (650) 342-9600<br>Fax: (650) 342-7685 |
| **Related Case No. C-07-05596 SI** | Attorneys for Defendants County of San Mateo, San Mateo County Sheriff's Department, Sheriff Don Horsley |
| Kathryn Elizabeth Alberti<br>San Mateo County<br>400 County Center, Sixth Floor<br>Redwood City, CA 94063 | Tel: (650) 363-4034<br>Fax: (650) 363-4034 |
| **Related Case No. C-07-05596 SI** | Attorneys for Defendant City of San Jose |
| Michael J. Dodson<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, CA 95113-1905 | Tel: (408)535-1900<br>Fax: (408) 998-3131 |

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States

Selman Breitman LLP
ATTORNEYS AT LAW

156310.1  555.25544

Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to  for delivery to the addressee(s).

☒ **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-File to the recipients designated on the Transaction Receipt located on the United States District Court e-File website.

☐ **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 26, 2008, at San Francisco, California.

YOLANDA MEDINA

156310.1  555.25544

2

1    GREGG A. THORNTON (SBN 146282)
     KELLI GEORGE (SBN 225689)
2    SELMAN BREITMAN LLP
     33 New Montgomery, Sixth Floor
3    San Francisco, CA  94105
     Telephone: (415) 979-0400
4    Facsimile: (415) 979-2099

5    Attorneys for Defendant
     CITY OF BURLINGAME, BURLINGAME
6    POLICE DEPARTMENT, its POLICE
     CHIEF JACK VAN ETTEN, OFFICER
7    KEVIN KASHIWAHARA in his
     individual capacity, OFFICER
8    STEVE VEGA in his individual and
     official capacity, ROBERT CISSNA
9    in his individual and official
     capacity
10

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13   JANE DOE,                          CASE NO.  C08-02541 SI

14           Plaintiff,                 (Related to C07-05596 SI)

15       v.                             **DECLARATION OF GREGG A. THORNTON
                                        IN SUPPORT OF THE BURLINGAME
16   COUNTY OF SAN MATEO; SAN MATEO     DEFENDANTS' MOTION TO DISMISS
     COUNTY SHERIFF'S OFFICE; its       PLAINTIFF'S COMPLAINT FOR FAILURE
17   SHERIFF GREG MUNKS, in his         TO STATE A CLAIM UPON WHICH
     individual and official            RELIEF CAN BE GRANTED, LACK OF
18   capacity; SAN MATEO COUNTY         SPECIFICITY IN PLEADINGS, AND
     DEPUTY SUZANNE BLICK in her        MOTION TO STRIKE PORTIONS OF
19   individual and official            COMPLAINT**
     capacity; Lt. VICTORIA O'BRIEN
20   in her individual and official     [FRCP 12(b)(6) and 12(f)]
     capacity; SGT. GIL RODRIGUEZ in
21   his individual and official        Date : October 3, 2008
     capacity; KATHERYN ALBERTIE in     Time : 9:00 a.m.
22   his individual capacity; SAN       Ctrm : 10
     MATEO COUNTY SHERIFF'S DEPUTIES    Judge: Hon. Susan Illston
23   Does 1 -100; CITY OF SAN MATEO;
     SAN MATEO POLICE DEPARTMENT; SAN
24   MATEO POLICE CHIEF SUSAN E.
     MANHEIMER, in her individual and
25   official capacity; SGT. PERUCCI
     in his individual and official
26   capacity; DETECTIVE TONYA NUE in
     her individual and official
27   capacity; Lt. ALAN PARISIAN in

28                                      1

Selman Breitman LLP
ATTORNEYS AT LAW

156095.1 555.25544

1  his individual and official
   capacity; SAN MATEO POLICE
2  OFFICERS Does 1-100; JAMES
   RAINEY MASON, in his individual
3  capacity; CITY OF BURLINGAME,
   BURLINGAME POLICE DEPARTMENT,
4  its POLICE CHIEF JACK VAN ETTEN,
   OFFICER KEVIN KASHIWAHARA in his
5  individual capacity; OFFICER
   STEVE VEGA in his individual and
6  official capacity; ROBERT CISSNA
   in his individual and official
7  capacity; Does 1-200, inclusive,
   *et al.*,
8
           Defendants.
9

10  I, Gregg A. Thornton, declare:

11      1.   I am an attorney duly licensed to practice in the

12  Courts of the State of California, the United States District

13  Courts for the Northern District, Eastern District, Central

14  District and Southern District of California, the Ninth Circuit

15  Court of Appeals, as well as the Supreme Court of the United

16  States of America.  Additionally, I am the attorney of record for

17  defendants sued herein as CITY OF BURLINGAME, BURLINGAME POLICE

18  DEPARTMENT, its POLICE CHIEF JACK VAN ETTEN, OFFICER KEVIN

19  KASHIWAHARA in his individual capacity, OFFICER STEVE VEGA in his

20  individual and official capacity, ROBERT CISSNA in his individual

21  and official capacity.  The following facts are within my

22  personal knowledge and, if called upon as a witness, I could and

23  would competently testify as to their truth.

24      2.   Plaintiff refers in her complaint to, and bases her

25  claims on, an April 6, 2006 police report prepared by defendant

26  Burlingame Police Officer Robert Cissna.  A true and correct copy

27  of that police report is attached hereto as **Exhibit A.**  Portions

28

Selman Breitman LLP
ATTORNEYS AT LAW

156095.1 555.25544

2

1   of that report have been redacted to preserve plaintiff's

2   anonymity.

3       3.    Plaintiff also refers to in her complaint to, and bases

4   her claims on, a May 26, 2006 police report prepared by a non-

5   party Burlingame police officer.  A true and correct copy of that

6   police report is attached hereto as **Exhibit B.**  Again, portions

7   of that report have been redacted to preserve plaintiff's

8   anonymity.

9       4.    These two reports are attached to this declaration in

10  support of the moving parties' motion to dismiss, pursuant to

11  FRCP 12(b)(6), to demonstrate that the two reports do not support

12  plaintiff's claims, as plaintiff alleges in the complaint.  To

13  place these two reports before the Court at this time in

14  appropriate.  *See* Branch v. Tunnell 14 F3d 449, 454 (9th Cir.

15  1994)(overruled on other grounds in Galbraith v. County of Santa

16  Clara 307 F3d 1119, 1127 (9th Cir. 2002)); Bryant v. Avado

17  Brands, Inc. 187 F3d 1271, 1281, fn. 16 (11th Cir. 1999).

18      5.    After reviewing the defendants' entire universe of

19  relevant documents, I find that plaintiff never served any of the

20  moving Burlingame defendants with any California Government Tort

21  Claim prior to commencing this present action.

22      I declare under penalty of perjury under the laws of the

23  State of California that the foregoing is true and correct.

24      Executed this 21st day of August 2008, at San Francisco,

25  California.

26  _____

27  GREGG A. THORNTON

28                                    3

Selman Breitman LLP
ATTORNEYS AT LAW

156095.1 555.25544

**EXHIBIT A**

# BURLINGAME POLICE DEPARTMENT
## INCIDENT FORM

EVT #:   200601115

[X] Crime  [ ] Incident  [ ] Missing Person  [ ] 5150 W&I

Date/Time/Day Reported: 04/06/2006    17:04    Thursday

Date/Time/Day From: 04/05/2006    19:30    Wednesday
Date/Time/Day To: 04/05/2006    22:30    Wednesday

Location of Occurrence: 1448 BLGM AV    Bus: HOLA

Sections: PC    166(A)(4)    Title: CONTEMPT OF COURT-DISOBEY COURT ORDER

Location: BAR    Type Code: 26    Title:

TYPE: V-Victim  CV-Confidential Victim  R-RP  W-Witness  D-Driver  P-Passenger  M-Mental  O-Other

| TYPE V | NAME: Last, First Middle | | R/ Address | | City,St | | ZIP |
|---|---|---|---|---|---|---|---|

R/Ph:    [ ] None/Unk   B/Ph:    [ ] None/Unk   O/Ph:    DL#:    ST: CA

| DOB | Age | Race W | Sex F | Hair BLN | Eye HAZ | Hgt 505 | Wgt 125 | Occupation | B/ Address, City and ZIP | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

Injured    Description of Injury    Injury Caused By (Weapon)    Treated/ Doctor

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | [ ] Driver [ ] Owner [ ] Pass [ ] Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE O | NAME: Last, First Middle  DIAZ    JESUS    EDWARDO | | R/ Address | | City,St | | ZIP |
|---|---|---|---|---|---|---|---|

R/Ph:    [ ] None/Unk   B/Ph:    [ ] None/Unk   O/Ph:    DL#: )    ST: CA

| DOB | Age | Race H | Sex M | Hair BLK | Eye BRO | Hgt 509 | Wgt 170 | Occupation BARTENDER | B/ Address, City and ZIP  1448 BURLINGAME AVE  BURLINGAME, C 94010 | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

Injured    Description of Injury    Injury Caused By (Weapon)    Treated/ Doctor

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | [ ] Driver [ ] Owner [ ] Pass [ ] Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE | NAME: Last, First Middle | | R/ Address | | City,St | | ZIP |
|---|---|---|---|---|---|---|---|

R/Ph:    [ ] None/Unk   B/Ph:    [ ] None/Unk   O/Ph:    DL#:    ST:

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

Injured    Description of Injury    Injury Caused By (Weapon)    Treated/ Doctor

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | [ ] Driver [ ] Owner [ ] Pass [ ] Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE | NAME: Last, First Middle | | R/ Address | | City,St | | ZIP |
|---|---|---|---|---|---|---|---|

R/Ph:    [ ] None/Unk   B/Ph:    [ ] None/Unk   O/Ph:    DL# :    ST:

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

Injured    Description of Injury    Injury Caused By (Weapon)    Treated/ Doctor

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | [ ] Driver [ ] Owner [ ] Pass [ ] Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE | NAME: Last, First Middle | | R/ Address | | City,St | | ZIP |
|---|---|---|---|---|---|---|---|

R/Ph:    [ ] None/Unk   B/Ph:    [ ] None/Unk   O/Ph:    DL# :    ST:

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

Injured    Description of Injury    Injury Caused By (Weapon)    Treated/ Doctor

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | [ ] Driver [ ] Owner [ ] Pass [ ] Other |
|---|---|---|---|---|---|---|---|---|---|---|

Officer: CISSNA    PSN: 0173    Prop 115: [X] Yes [ ] No  Years: 8    REV:    Pg 1 to 3

BPD_Original 1.3

# BURLINGAME POLICE DEPARTMENT

**EVT#:   200601115**

TYPE: A- Arrest/Adult      J-Arrest/Juvenile      S-Suspect/ No Arrest      I/L -Investigative Lead      MP- Missing Person

| TYPE | NAME: Last, First Middle | | | R/ Address (Include City & ZIP) | Occupation: POLICE OFFICER |
|---|---|---|---|---|---|

S | MASON      JAMES      RAINEY

| R/Ph: | | None/Unk | B/Ph: | | None/Unk | O/Pn | | DL#: | | | 94402 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | SSN | B/ Address (Include ZIP) | Company: SAN JOSE POLICE DEPT | ST: CA |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  | W | M | BRO | HAZ | 511 | 155 |  | 201 WEST MISSION | SAN JOSE     95110 |  |

| BPD Booking # | C11 | SMSO | AKA's/ Monikers |
|---|---|---|---|

| Charges | | Most Severe Weapon(s) Used | Parole/ Probation Officer (Office) |
|---|---|---|---|

| Additional Information | | Scars/ Marks/ Tattoos | |
|---|---|---|---|

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner ☐ Pass ☐ Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE | NAME: Last, First Middle | | R/ Address (Include City & ZIP) | Occupation: |
|---|---|---|---|---|

| R/Ph: | | None/Unk | B/Ph: | | None/Unk | O/Pn | | DL#: | | ST: |
|---|---|---|---|---|---|---|---|---|---|---|

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | SSN | B/ Address (Include ZIP) | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

| BPD Booking # | C11 | SMSO | AKA's/ Monikers |
|---|---|---|---|

| Charges | | Most Severe Weapon(s) Used | Parole/ Probation Officer (Office) |
|---|---|---|---|

| Additional Information | | Scars/ Marks/ Tattoos | |
|---|---|---|---|

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner ☐ Pass ☐ Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE | NAME: Last, First Middle | | R/ Address (Include City & ZIP) | Occupation: |
|---|---|---|---|---|

| | | None/Unk | B/Ph: | | None/Unk | O/Ph | | DL#: | | ST: |
|---|---|---|---|---|---|---|---|---|---|---|

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | SSN | B/ Address (Include ZIP) | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

| BPD Booking # | C11 | SMSO | AKA's/ Monikers |
|---|---|---|---|

| Charges | | Most Severe Weapon(s) Used | Parole/ Probation Officer (Office) |
|---|---|---|---|

| Additional Information | | Scars/ Marks/ Tattoos | |
|---|---|---|---|

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner ☐ Pass ☐ Other |
|---|---|---|---|---|---|---|---|---|---|---|

| **Property Totals** | Stolen: | Recover: | Lost: | Found: |
|---|---|---|---|---|
| Burned: | Counterfeit: | Damaged: | Seized: | Embezzled: |

| Crime Method: | Entry Method: | Premises Entered: |
|---|---|---|
| Entry Point: | Bias Crime: | |

**SYNOPSIS:** V/          came to the lobby of BPD and said she was in "Hola" on Burlingame Ave at 1930 hours on 04-05-06 when S/Mason walked into the bar and made eye contact with her. He walked upstairs and stayed in the bar while she stayed downstairs for approximately 3 hours.          showed me a restraining order (see attached) that expires on 04-12-06. The order states that Mason cannot be within 100 yards of    . Mason said he was at the bar between 1930 and 2330 hours on that evening but never saw          and did not know she was there. He said he would have left if he knew she was at the restaurant. I spoke with Diaz who was the bartender on duty at evening. He said he saw and spoke with both Mason and          He told me Mason never said anything that led him to believe          was there, and          tried to tell Diaz about the restraining order but he said he did not want to get involved.

☐ Unfounded   ☐ Victim Declines Prosecution   Copies: DDA          Pg 2 of 3

BUR00043

# BURLINGAME POLICE DEPARTMENT

## NARRATIVE PAGE

EVT#    200601115

| Code PC166(A)(4) | Desc CONTEMPT OF COURT-DISOBEY COURT O | Date 04/06/2006 | Time 17:04 | Supp |

n

Suspect **MASON,JAMES RAINEY**

V/' came to the lobby of BPD and said she was in "Hola" on Burlingame Ave at 1930 hours on 04-05-06 when S/Mason walked into the bar and made eye contact with her. He walked upstairs and stayed in the bar while she stayed downstairs for approximately 3 hours. showed me a restraining order (see attached) that expires on 04-12-06. The order states that Mason cannot be within 100 yards of Rajic.

## Statement of

was in the restaurant when she saw Mason walk into the restaurant alone. He made eye contact with her, then went upstairs and stayed there for the entire 3 hours that she stayed in restaurant. She said she was sure he saw her when he walked in and said he was also looking at her from upstairs. : did not want to leave the restaurant but did not call the police because she felt that since Mason is a police officer, he had too many friends in law enforcement and nothing would happen anyway. She then decided to come into BPD the next day at 1704 hours to report the restraining order violation.

## Statement of Mason:

Mason said he walked into the bar alone at approximately 1930 hours on 04-05-06. He walked upstairs to join a planned party. He never saw in the restaurant and would have left if he saw her there. Mason stayed at "Hola" until approximately 2330 hours.

## Statement of Jesus Diaz:

Diaz is the bartender who was on duty that evening. He said he knows both Mason .d :. He told me : was at the bar first, then Mason walked in by himself. Mason went upstairs to join a party. He spoke with Mason at the bar downstairs, who never mentioned : or gave Diaz any clue that he knew she was there. Diaz never told Mason he saw at the bar.

spoke with Diaz and told him that she knew Mason was there and she had a restraining order protecting her from him. Diaz told he did not want to hear anything about it and refused to get involved.

## Disposition:

: has no independent witnesses who can say Mason knew she was there. There was no conversation between the two and Mason denies knowing she was there. This report it to be forwarded to the office of the district attorney for review.

Officer CISSNA        PSN 0173        Pg 3 of 3

**EXHIBIT B**

# BURLINGAME POLICE DEPARTMENT
## INCIDENT FORM

EVT #:  200601708

| ☒ Crime | ☐ Incident | ☐ Missing Person | ☐ 5150 W&I | Date/Time/Day From: 05/26/2006 | 18:51 | Friday |
|---|---|---|---|---|---|---|
| | | | | Date/Time/Day To: 05/26/2006 | 20:51 | Friday |

Date/Time/Day Reported: 05/26/2006    19:51    Friday

Location of Occurrence: 1448 BLGM AV          Bus: HOLA

Sections: PC    166(A)(4)          Title: CONTEMPT OF COURT-DISOBEY COURT ORDER

Location: RESTAURANT          Type Code: 28          Title:

**TYPE: V-Victim  CV-Confidential Victim  R-RP  W-Witness  D-Driver  P-Passenger  M-Mental  O-Other**

| TYPE O | NAME: Last, First Middle  MASON      JAMES      RAINEY | | | | R/ Address | | City, St | ZIP |
|---|---|---|---|---|---|---|---|---|
| R/Ph: | ☐ None/Unk | B/Ph: | ☐ None/Unk | O/Ph: | | DL# | ST: CA |
| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP ☐ | Company: SAN JOSE POLICE DEPT |
| | | M | BRO | HAZ | 511 | 155 | POLICE OFFICER | 201 WEST MISSION | SAN JOSE    95110 |
| Injured | Description of Injury | | Injury Caused By (Weapon) | Treated/ Doctor |
| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner  ☐ Pass ☐ Other |

| TYPE O | NAME: Last, First Middle  KASHIWAHARA    KEVIN | | | | R/ Address | | City, St | ZIP |
|---|---|---|---|---|---|---|---|---|
| R/Ph: | ☐ None/Unk | B/Ph: | ☐ None/Unk | O/Ph: | | DL#: | ST: |
| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP ☐ | Company: |
| Injured | Description of Injury | | Injury Caused By (Weapon) | Treated/ Doctor |
| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner  ☐ Pass ☐ Other |

| TYPE | NAME: Last, First Middle | | | | R/ Address | | City, St | ZIP |
|---|---|---|---|---|---|---|---|---|
| R/Ph: | ☐ None/Unk  F | B/Ph: | ☐ None/Unk | O/Ph: | | DL#: | ST: CA |
| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP ☐ | Company: |
| | | W | F | BLN | HAZ | 505 | 125 | | | |
| Injured | Description of Injury | | Injury Caused By (Weapon) | Treated/ Doctor |
| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner  ☐ Pass ☐ Other |

| TYPE O | NAME: Last, First Middle  VEGA      STEVE | | | | R/ Address | | City, St | ZIP |
|---|---|---|---|---|---|---|---|---|
| R/Ph: | ☐ None/Unk | B/Ph: | ☐ None/Unk | O/Ph: | | DL#: | ST: |
| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP ☐ | Company: |
| Injured | Description of Injury | | Injury Caused By (Weapon) | Treated/ Doctor |
| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner  ☐ Pass ☐ Other |

| TYPE | NAME: Last, First Middle | | | | R/ Address | | City, St | ZIP |
|---|---|---|---|---|---|---|---|---|
| R/Ph: | ☐ None/Unk | B/Ph: | ☐ None/Unk | O/Ph: | | DL#: | ST: |
| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | Occupation | B/ Address, City and ZIP ☐ | Company: |
| Injured | Description of Injury | | Injury Caused By (Weapon) | Treated/ Doctor |
| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner  ☐ Pass ☐ Other |

Officer: CHAPPELL      PSN: 0196      Prop 115: ☒ Yes ☐ No  Years: 1      REV: 〰      Pg 1 to 3

BPD_Original 1.3

BUR00068

# BURLINGAME POLICE DEPARTMENT

EVT#:  200601708

**TYPE: A- Arrest/Adult    J-Arrest/Juvenile    S-Suspect/ No Arrest    IL -Investigative Lead    MP- Missing Person**

| TYPE | NAME: Last, First Middle | | | | | | R/ Address (Include City & ZIP) | | | Occupation: | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| h: | ☐ None/Unk | B/Ph: | ☐ None/Unk | O/Ph | | DL#: | | ST: |
|---|---|---|---|---|---|---|---|---|

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | SSN | B/ Address (Include ZIP) ☐ | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

| BPD Booking # | C I I | | SMSO | | AKA's/ Monikers | |
|---|---|---|---|---|---|---|

| Charges | | Most Severe Weapon(s) Used | Parole/ Probation Officer (Office) |
|---|---|---|---|

| Additional Information | | Scars/ Marks/ Tattoos | |
|---|---|---|---|

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner<br>☐ Pass ☐ Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE | NAME: Last, First Middle | | | | | | R/ Address (Include City & ZIP) | | | Occupation: | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| R/Ph: | ☐ None/Unk | B/Ph: | ☐ None/Unk | O/Ph | | DL#: | | ST: |
|---|---|---|---|---|---|---|---|---|

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | SSN | B/ Address (Include ZIP) ☐ | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

| BPD Booking # | C I I | | SMSO | | AKA's/ Monikers | |
|---|---|---|---|---|---|---|

| Charges | | Most Severe Weapon(s) Used | Parole/ Probation Officer (Office) |
|---|---|---|---|

| Additional Information | | Scars/ Marks/ Tattoos | |
|---|---|---|---|

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner<br>☐ Pass ☐ Other |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE | NAME: Last, First Middle | | | | | | R/ Address (Include City & ZIP) | | | Occupation: | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| h: | ☐ None/Unk | B/Ph: | ☐ None/Unk | O/Ph | | DL#: | | ST: |
|---|---|---|---|---|---|---|---|---|

| DOB | Age | Race | Sex | Hair | Eye | Hgt | Wgt | SSN | B/ Address (Include ZIP) ☐ | Company: |
|---|---|---|---|---|---|---|---|---|---|---|

| BPD Booking # | C I I | | SMSO | | AKA's/ Monikers | |
|---|---|---|---|---|---|---|

| Charges | | Most Severe Weapon(s) Used | Parole/ Probation Officer (Office) |
|---|---|---|---|

| Additional Information | | Scars/ Marks/ Tattoos | |
|---|---|---|---|

| Veh Plate | VIN Number | St | Year | Make | Model | Body | Color 1 | Color 2 | Veh Disposition | ☐ Driver ☐ Owner<br>☐ Pass ☐ Other |
|---|---|---|---|---|---|---|---|---|---|---|

| **Property Totals** | Stolen: | Recover: | Lost: | Found: |
|---|---|---|---|---|
| Burned: | Counterfeit: | Damaged: | Seized: | Embezzled: |

| Crime Method: | | Entry Method: | Premises Entered: |
|---|---|---|---|
| Entry Point: | | Bias Crime: | |

**SYNOPSIS:** On the listed date and time, I responded to Hola's restaurant on a call of a possible restraining order violation.  Upon my arrival I spoke with Officer Vega #16 who told me he received a call from Officer Kashiwahara #10 stating that (O) Mason, was with him at Hola's restaurant, and (O)     had just arrived. Kashiwahara told Vega, that _    had restraining order in place against Mason, but that she had entered the restaurant after they had already been there.

☐ Unfounded    ☐ Victim Declines Prosecution    Copies:                                    Pg 2 of 3

BUR00069

# BURLINGAME POLICE DEPARTMENT

## NARRATIVE PAGE

| Code PC166(A)(4) | Desc CONTEMPT OF COURT-DISOBEY COURT O | Date 05/26/2006 | Time 19:51 | Supp |
| --- | --- | --- | --- | --- |

EVT# 200601708

Vim V -

Suspect S - MASON,JAMES RAINEY

TIFICATION
On the listed date and time, I responded to Hola's restaurant on a call of a possible restraining order violation.

INFORMATION RECEIVED FROM OFFICER VEGA #16
Upon my arrival I spoke with Officer Vega #16 who told me he received a call from Officer Kashiwahara #10 stating that (O) Mason, was with him at Hola's restaurant, and (O)       had just arrived.  Kashiwahara told Vega, that       had a restraining order in place against Mason, but that she had entered the restaurant after Mason and Kashiwahara had already been inside.

CONVERSATION WITH
I spoke with (O)    _  c who told me she wanted Mason removed from the restaurant or arrested.  I told       , that because Mason was already at the restaurant when she arrived, that I could not make him leave.       told me this was an on going problem and that she believed Mason was at the restaurant in an attempt to harass her.  I asked her how that would be possible, since Mason was at the restaurant before her.    _  `  said "I have been coming here every Friday for years, he knows that".   `  smelled of an alcoholic beverage when she spoke, and had red and watery eyes.  After telling me her side of the story,       told me she and her friends had decided to leave anyway to go to another bar.

CONVERSATION WITH MASON
I spoke with Mason and advised him, that based on the information I had, he did not have to leave the restaurant.  I informed Mason of     's intention to leave the staurant.  Mason asked me for a case number, which I provided to him.

DISPOSITION
Based on the information I received from Officer Vega #16 upon my arrival, there was no intentional violation of the restraining order between Mason and       . Forward to District Attorney for review.

Officer CHAPPELL          PSN 0196          Page of 3

SCANNED

**Selman Breitman LLP**
ATTORNEYS AT LAW

1

## PROOF OF SERVICE

2
*Jane Doe v. County of San Mateo, et al.*

3
United States District Court Northern District of California Case No. C08-02541 SI

(Related to C-07-05596 SI)

4

5
STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

6
I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On August 26, 2008, I served the following document(s) described as **DECLARATION OF GREGG A. THORNTON IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FROM WHICH RELIEF CAN BE GRANTED, LACK OF SPECIFICITY IN PLEADINGS, AND MOTION TO STRIKE PORTIONS OF COMPLAINT** on the interested parties in this action as follows:

7

8

9

10
by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

11
**Case No. C08-02541 SI**                Plaintiff, Pro Se

12
Jane Doe                                 Tel: (415) 875-9571
1700 N. Point, #107

13
San Francisco, CA 94123                  [Plaintiff served via U.S. Mail]

14

15
**Related Case No. C-07-05596 SI**
                                         Attorneys for Defendants City of San

16
Jeremy A. Burns                          Mateo, Susan E. Manheimer, Officer
Carr, McClellan, Ingersoll,              #122 Murphy, Officer Yanuska #116
Thompson & Horn

17
216 Park Road                            Tel: (650) 342-9600
Burlingame, CA 94010                     Fax: (650) 342-7685

18
**Related Case No. C-07-05596 SI**

19
                                         Attorneys for Defendants County of
Kathryn Elizabeth Alberti                San Mateo, San Mateo County

20
San Mateo County                         Sheriff's Department, Sheriff Don
400 County Center, Sixth Floor           Horsley
Redwood City, CA 94063

21
                                         Tel: (650) 363-4034

22
                                         Fax: (650) 363-4034

23
**Related Case No. C-07-05596 SI**
                                         Attorneys for Defendant City of San

24
Michael J. Dodson                        Jose
Office of the City Attorney

25
200 East Santa Clara Street              Tel: (408)535-1900
San Jose, CA 95113-1905                  Fax: (408) 998-3131

26

☒    **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above,

27
and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing

28
correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco,

156310.1   555.25544

1

California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to  for delivery to the addressee(s).

☒ **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-File to the recipients designated on the Transaction Receipt located on the United States District Court e-File website.

☐ **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 26, 2008, at San Francisco, California.

YOLANDA MEDINA

Selman Breitman LLP
ATTORNEYS AT LAW

1  GREGG A. THORNTON (SBN 146282)
   KELLI GEORGE (SBN 225689)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA 94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorneys for Defendant
   CITY OF BURLINGAME, BURLINGAME
6  POLICE DEPARTMENT, its POLICE
   CHIEF JACK VAN ETTEN, OFFICER
7  KEVIN KASHIWAHARA in his
   individual capacity, OFFICER
8  STEVE VEGA in his individual and
   official capacity, ROBERT CISSNA
9  in his individual and official
   capacity

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  JANE DOE,                        CASE NO.  C-08-02541 SI (Related
                                              to C-07-05596 SI)
14         Plaintiff,
                                     **[PROPOSED] ORDER GRANTING MOTION
15     v.                            TO DISMISS PLAINTIFF'S COMPLAINT
                                     FOR FAILURE TO STATE A CLAIM UPON
16  COUNTY OF SAN MATEO, et al.,     WHICH RELIEF CAN BE GRANTED, LACK
                                     OF SPECIFICITY IN PLEADINGS, AND
17         Defendant.                MOTION TO STRIKE PORTIONS OF
                                     COMPLAINT**
18
                                     **[FRCP 12(b)(6) and 12(f)]**
19
                                     Date : October 3, 2008
20                                   Time : 9:00 a.m.
                                     Ctrm : 10, 19th Floor, Federal
21                                   Building
                                     Judge      :   Hon. Susan Illston
22
                                     Complaint Filed  : May 20, 2008
23                                   Discovery cut-off: N/A
                                     Motion cut-off    : N/A
24                                   Trial Date       : None Assigned

25
        The Motion of defendants CITY OF BURLINGAME, BURLINGAME
26
   POLICE DEPARTMENT, its POLICE CHIEF JACK VAN ETTEN, OFFICER KEVIN
27
   KASHIWAHARA in his individual capacity, OFFICER STEVE VEGA in his
28

                                     1

156090.1 555.25544

Selman Breitman LLP
ATTORNEYS AT LAW

individual and official capacity, ROBERT CISSNA in his individual and official capacity (hereinafter collectively referred to as "Burlingame Defendants") for an order dismissing plaintiff's complaint with prejudice as alleged against them by and through plaintiff's first, second, third, fourth, eighth, eleventh, seventeenth, eighteenth, nineteenth, twentieth and twenty-first causes of action, as well as for order striking plaintiff's prayer for punitive damages as alleged against the City of Burlingame came on regularly for hearing before this Court in Courtroom 10, the Honorable Susan Illston presiding.

After full consideration of the evidence, the legal authority submitted by counsel, as well as counsels' oral argument, the Court finds to its satisfaction that all of the plaintiff's claims, including the first, second, third, fourth, eighth, eleventh, seventeenth, eighteenth, nineteenth, twentieth and twenty-first causes of action, as alleged against the Burlingame Defendants, fail to state a claim upon which relief can be granted.  Furthermore, the Court finds to its satisfaction that good cause exists to strike plaintiff's improper claim for punitive damages.  For these reasons and for good cause appearing therefore:

IT IS HEREBY ORDERED THAT the plaintiff's entire complaint, including but not limited to plaintiff's first, second, third, fourth, eighth, eleventh, seventeenth, eighteenth, nineteenth, twentieth and twenty-first causes of action contained in the complaint are dismissed with prejudice for failing to state a claim upon which relief can be granted.

1     IT IS HEREBY FURTHER ORDERED THAT paragraph 3 of the prayer

2  for relief is stricken as to the City of Burlingame.

3     IT IS SO ORDERED:

4

5  Dated: _____    _____

6                              Susan Illston

7                              Judge of the District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

156090.1 555.25544

3

## PROOF OF SERVICE

*Jane Doe v. County of San Mateo, et al.*

United States District Court Northern District of California Case No. C08-02541 SI

(Related to C-07-05596 SI)

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On August 26, 2008, I served the following document(s) described as **[PROPOSED] ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FROM WHICH RELIEF CAN BE GRANTED, LACK OF SPECIFICITY IN PLEADINGS, AND MOTION TO STRIKE PORTIONS OF COMPLAINT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| **Case No. C08-02541 SI** | Plaintiff, Pro Se |
| Jane Doe<br>1700 N. Point, #107<br>San Francisco, CA 94123 | Tel: (415) 875-9571<br><br>[Plaintiff served via U.S. Mail] |
| **Related Case No. C-07-05596 SI** | |
| Jeremy A. Burns<br>Carr, McClellan, Ingersoll,<br>Thompson & Horn<br>216 Park Road<br>Burlingame, CA 94010 | Attorneys for Defendants City of San Mateo, Susan E. Manheimer, Officer #122 Murphy, Officer Yanuska #116<br><br>Tel: (650) 342-9600<br>Fax: (650) 342-7685 |
| **Related Case No. C-07-05596 SI** | |
| Kathryn Elizabeth Alberti<br>San Mateo County<br>400 County Center, Sixth Floor<br>Redwood City, CA 94063 | Attorneys for Defendants County of San Mateo, San Mateo County Sheriff's Department, Sheriff Don Horsley<br><br>Tel: (650) 363-4034<br>Fax: (650) 363-4034 |
| **Related Case No. C-07-05596 SI** | |
| Michael J. Dodson<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, CA 95113-1905 | Attorneys for Defendant City of San Jose<br><br>Tel: (408)535-1900<br>Fax: (408) 998-3131 |

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco,

Selman Breitman LLP
ATTORNEYS AT LAW

156310.1 555.25544

1

California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to  for delivery to the addressee(s).

☒  **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-File to the recipients designated on the Transaction Receipt located on the United States District Court e-File website.

☐  **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐  **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 26, 2008, at San Francisco, California.

YOLANDA MEDINA

**Selman Breitman LLP**
ATTORNEYS AT LAW

156310.1  555.25544

2